# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JACK LEE MARCUM,

        Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY,

        Defendant.

Case No. 2:18-cv-02399-APG-CWH

**ORDER REMANDING CASE TO STATE COURT**

Defendant American Family Insurance Company removed this case to federal court on December 19, 2018. The removing party has the burden of proving that removal is proper and that this court may assert jurisdiction over the parties and dispute. In its Petition for Removal, American Family alleged that the monetary amount at issue exceeds this court's minimum diversity jurisdiction amount because the plaintiff asserts several causes of action and demanded $93,750.00 to settle his claim before filing suit. ECF No. 1 at 2. American Family offered no evidence that the demand was reasonable, and nothing in the Complaint supports the inference that the value of the case exceeds $75,000. Therefore, I ordered American Family to show cause why this action should not be remanded to the state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction."

*Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-cv-00438-RCJ-WGC, 2013 WL 757621, at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making that analysis, judges can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (internal quotations omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense").

Here, there is considerable doubt that the amount in controversy exceeds this court's jurisdictional threshold. Although the policy amount is $100,000 (ECF No. 9 at 3:13-14), that is not the value of the case because there is no reasonable basis to assert the plaintiff will recover anywhere near that amount. The Complaint alleges that the plaintiff "has incurred medical expenses in excess of $19,260.47" and has received $5,000.00 already. ECF No. 1-1 at 10. Thus, only $14,260.47 is at issue under the policy. Even if punitive damages are awarded for a bad faith claim, that amount would not approach $75,000.

The plaintiff's pre-suit demand of $93,750 is not dispositive. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citations omitted). The plaintiff's lawyer's two letters (ECF Nos. 9-1, 9-2) discuss the minor injuries and related treatment. They do not support a reasonable estimate of such a high value. *See Jackson v Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight.").

Based on my judicial, legal, and practical experience and common sense, it is highly unlikely that the amount in controversy exceeds $75,000. The nature of the injuries and the allegations underlying the claims against American Family (especially those for tortious breach of the implied covenant) do not suggest such an award. American Family has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal*, 556 U.S. at 679. Consequently, I remand this action to state court.

IT IS THEREFORE ORDERED this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: January 8, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE